(117 So. 678)

**McCARTY et al. v. SCHLEIHAUF.**

(6 Div. 135.)

Supreme Court of Alabama. June 28, 1928.

86

Harsh & Harsh, of Birmingham, for appellants.

Woolverton & Haley, of Birmingham, for appellee.

BOULDIN, J. The bill is for specific performance of a contract in writing for the conveyance of title to lands. The case turns largely on the construction of this contract, which is set· out in full in the report of the case.

Schleihauf furnished the money to pay for the lands and took title in his name. McCarty Bros. proceeded to manufacture and deliver lumber. When operations closed, the proceeds of lumber retained were more than sufficient to pay for the lands, and without more McCarty Bros. would be entitled to have the title conveyed to them.

██ The real issue between the parties is whether Schleihauf is due to have advances made in the course of operations paid before McCarty Bros. are entitled to a conveyance of the lands.

In course of operations Schleihauf bought or furnished the money to buy a truck for McCarty Bros. to be used in milling operations at a cost of $3,550. He took a chattel mortgage on the truck as security. The proceeds of lumber retained by Schleihauf applied to the entire indebtedness, namely, the purchase money of the land, money advanced in operations, and the cost of the truck, left a balance unpaid on general account of some $2,650. McCarty Bros. claim this is no charge on the land, and does not affect the right of specific performance. The purchase money on the land was in the nature of an advance secured by taking title thereto. The cost of the truck was an advance within the meaning of a contract of this character.

Viewing the contract as a whole, and keeping in view the general scheme of the parties,

we do not think $4 per thousand was set apart by the contract as a credit on the land before advances were met. "Advances," in contracts of this character, imply an interest in the product for reimbursement. Statements were rendered from time to time showing the total indebtedness, the credits thereon, and general balance as one indebtedness. No objection nor question appears to have been raised at the time. Taking a mortgage on the truck, the cost of which exceeded the first cost of the land, must, in the absence of special agreement, be considered as additional security. The complainants have not met the burden of proof assumed in their demand for specific performance—the vesting of the legal title to the lands in complainants. No question of improper or erroneous interest charges or 2 per cent. discounts is involved. The bill seeks no accounting and redemption, but is addressed solely to the right of specific performance under the present state of accounts.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.